39 F.3d 1166
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
UNITED STATES of America, Appellee,
v.
Charles FINKLESTEIN, Defendant, Appellant.
 No. 93-1706
 United States Court of Appeals,
First Circuit.
 Nov. 10, 1994
 
 Appeal from the United States District Court for the District of Rhode Island [Hon. Ernest C. Torres, U.S. District Judge ]
 Randy Olen with whom John M. Cicilline was on brief for appellant.
 Margaret E. Curran, Assistant United States Attorney, with whom Sheldon Whitehouse, United States Attorney, and Ira Belkin, Assistant United States Attorney, were on brief for appellee.
 D.R.I.
 AFFIRMED.
 Before BOUDIN, Circuit Judge, ALDRICH, Senior Circuit Judge, and YOUNG,* District Judge.
 Per Curiam.
 
 
 1
 Defendant Charles Finklestein was convicted on five counts for knowingly transporting fraudulently obtained funds in interstate commerce. 18 U.S.C. Sec. 2314. On this appeal he, through counsel, defendant not having taken the stand, has undertaken to ride two horses, made the more difficult by the fact that they are heading in opposite directions. He does not succeed.
 
 
 2
 Defendant's complaints are two: that the court erred in admitting his confession to a similar fraud, (Fed. R. Evid. 404(b); 403); and that the evidence did not warrant conviction. The specifics were the forging of five checks on Fidelity Investments, Inc. accounts standing in the name of Bruce Fleming in Massachusetts and crediting them to defendant's bank account in Rhode Island. Fleming had been defendant's upstairs landlord and the evidence warranted a finding that defendant had sufficient access to his papers and files. An expert testified that Fleming's purported signatures were inconsistent with being his, and consistent with being in defendant's writing, but he could not go further because of their poor condition. On one paper there were defendant's fingerprints. On one paper Fleming's purported signature was misspelled with two ms, a mistake that had occurred on one of defendant's rent checks. There was more, similarly condemning.
 
 
 3
 This enterprise took place over a period of time. Fleming's failure to discover the withdrawals sooner was explained by the fact that he had transferred the accounts to his divorced wife in the settlement. She, however, had not perfected the transfers. Fidelity's rendered accounting fell between the two.
 
 
 4
 The objected-to confession involved forging a different neighbor's checks in the same manner. After extensive discussion the court held the confession admissible to show knowledge and intent, to meet defendant's contention that he came by the Fleming checks legitimately. Fed. R. Evid. 404(b). Defendant denied relevance under this rule, and also claimed unfair prejudice under Rule 403.
 
 
 5
 For purposes of considering this appeal, where defendant presented no evidence, our initial question is what was his defense? During trial defendant's counsel asked Fleming if it was not true that he gave defendant the checks in payment for a coin collection. Fleming said it was not true. This was the sole mention of the subject. Defendant argued to the jury that if it disbelieved the denial, it could find a coin collection to have been the basis for his receiving the money. This was elemental error. Except where an inference is independently warranted, disbelief of a denial cannot be a ground for believing the opposite. Janigan v. Taylor, 344 F.2d 781, 784 (1st Cir.), cert. denied, 382 U.S. 879 (1965); NLRB v. Joseph Antell, Inc., 358 F.2d 880, 883 (1st Cir. 1966).
 
 
 6
 Presumably because valid consideration negated bad intent, defendant argued to the jury,
 
 
 7
 Now, the intent of somebody; that's an important issue in this case.
 
 
 8
 To us, however, he says,
 
 
 9
 In fact, knowledge and intent were not in issue in this case.... The District Court's uncritical acceptance[1] of the "special" relevance of the proffered evidence to show knowledge and intent is tantamount to admitting the evidence to rebut a defense which was not raised. (Emphasis in original).
 
 
 10
 Returning to the trial, defendant argued,
 
 
 11
 [N]obody disagrees that Mr. Finklestein ended up with the money. I am not going to stand here and tell you he didn't get it; he got it.
 
 
 12
 . .... .....
 
 
 13
 The Government tells us-wants you to believe that somehow Mr. Finklestein got the checks. I submit to you, ladies and gentlemen, there is no evidence if that ever occurred.
 
 
 14
 Viewing the closing argument in its entirety, it discloses no consistent defense except that the government's "theory" is full of "holes." We see no hole not fillable by a ready inference.
 
 
 15
 As to unfair prejudice of the confession under Rule 403, the issue is highly fact-dependent, and the district court has broad discretion. United States v. Nickens, 955 F.2d 112, 125 (1st Cir.), cert. denied, 113 S. Ct. 108 (1992); United States v. Rubio-Estrada, 857 F.2d 845 (1st Cir. 1988). We have reviewed the matter, but recitation is not called for here, especially where defendant's case was so weak. There was no error.
 
 
 16
 Defendant's further contention, that the evidence did not warrant a conviction, is empty. At the same time we note the scope of the appeal. While the evidence of another offense should have been excluded as unnecessary because, in light of the government's direct evidence, it was merely "cumulative and superfluous," an acquittal should have been directed because, "[w]ithout this evidence, the Government's case cannot be proved beyond a reasonable doubt." Our position lies between the two.
 
 
 17
 Affirmed.
 
 
 
 *
 Of the District of Massachusetts, sitting by designation
 
 
 [1]
 An inaccurate description. In addition, the court twice gave full instructions as to the limited use of the confession